UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDERICO J. BELL,

        Plaintiff,

v.                                                           Case No. 11-C-0599

AFFINITY HEALTH GREENVILLE,

        Defendant.

---

**ORDER**

---

Plaintiff has filed an action against Affinity Health Greenville claiming he was wrongfully discriminated against on account of his race. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff initially filed a vague affidavit of indigence but has since supplemented his affidavit with more complete information. (Dkt. 4.) Upon review of that updated affidavit, it appears that plaintiff has $1,250 in monthly income. He pays a number of monthly bills but it appears that he does have a small amount of income left over each month. Accordingly, plaintiff's motion to proceed *in forma pauperis* will be granted as follows: I will order plaintiff to pay $25 of the filing

fee and will waive the remainder. *See Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, courts have the authority "to order payment of a portion of the expense while waiving the remainder.")

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *Griffin v. Milwaukee County,* 369 Fed. Appx. 741, 743 (7th Cir. 2010). In screening a complaint I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

Here, Plaintiff alleges that he received a prescription for pain medication from an Affinity Health clinic on June 7, 2010. Before he could fill the prescription he claims the script flew out of his car's open window. He returned to the Affinity to have his prescription re-issued and he alleges that the doctor refused to sign another prescription and that an Affinity nurse accused him of selling his pills. (Compl. 3.) Then, at the direction of the clinic Plaintiff filed a police report regarding the

2

lost prescription. Five days later he called the Affinity clinic and a manager allegedly refused to help Plaintiff obtain a replacement prescription. Plaintiff alleges this happened "[b]ecause of my color" and that "they feel all black people do bad things like take medication and sell it as was said to me by Affinity." (Compl. 4.)

Plaintiff makes a conclusory allegation that his race somehow motivated Affinity's actions. But a mere allegation that defendants acted because of plaintiff's race is insufficient to state a claim under 18 U.S.C. § 1981. *Davis v. Frapoly,* 747 F. Supp. 451, 453 (N.D. Ill.1989) (citing *Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982)); "[W]hile it is true that a complaint brought under a federal civil rights statute should be liberally construed, vague and conclusory allegations of race discrimination may not form the basis of a complaint." *Jones v. City of Chicago,* 639 F. Supp. 146, 152 (N.D. Ill.1986) (citing *Pearlswig v. Randolph,* 497 F. Supp. 569 (D.C. Mass. 1980)). Plaintiff has not alleged that any of defendants made a racial slur or comment. *Cf. Dale v. City of Chicago Heights,* 672 F. Supp. 330, 332 (N.D. Ill. 1987) (Where plaintiff alleges that a defendant specifically stated that his actions were influenced by plaintiff's race, the claim of discrimination is more than "merely conclusory" for the purposes of making out a § 1981 claim.) Instead Plaintiff has alleged only that he was accused of selling his prescription. The mere fact that an African American was accused of selling a prescription does not mean that race motivated the accusation. Indeed Plaintiff's complaint seems to indicate that Affinity followed their routine procedure with respect to lost prescriptions. According to Plaintiff, Affinity's rules state on "page 2 and number 5" that there will be "no replacement of lost or stolen mediation without a police report and an office visit." (Compl. 3.) It is unclear how, if at all, Affinity treated Plaintiff differently than a white patient who lost a prescription for pain medication. The fact that Affinity applied its lost prescription policy to an African American, without more, is insufficient to state a claim.

3

Likewise, Plaintiff has no claim under 18 U.S.C. § 1983 because the Defendants are not state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (omitting citations and quotations). Affinity Health and its doctors and nurses are not state actors and Plaintiff makes no allegation that Defendants were acting in any way at the direction or behest of the government.

Thus, even when considering Plaintiff's complaint in a light most favorable to Plaintiff, I conclude that Plaintiff has failed to state a claim against Defendants.

**THEREFORE IT IS ORDERED** that leave to proceed *in forma pauperis* is granted, however Plaintiff shall pay $25 of the $350 filing fee before making any further filings.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED, HOWEVER,** that plaintiff may file an amended complaint within thirty days of the date of receipt of this order if he can cure the defects in the complaint by setting forth the allegations with greater specificity and providing sufficient factual and legal support for the court to conclude that the claims have some arguable merit. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. *See* Civil L.R. 15.1. The plaintiff must file an original and two copies of the amended complaint.

Dated this ___6th___ day of July, 2011.

    s/ William C. Griesbach  
William C. Griesbach  
United States District Judge