# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FREDERICO J. BELL,

    Plaintiff,

v.                                                      Case No. 11-C-0599

AFFINITY HEALTH GREENVILLE,

    Defendant.

# ORDER

    Plaintiff has filed an action in which he claims Affinity Health Greenville refused to fill his prescription and refused to treat him. On July 6, 2011 this Court dismissed Plaintiff's lawsuit for failure to state a claim but allowed him thirty days to file an amended complaint. The Court also granted Plaintiff's request to proceed *in forma pauperis* provided he contribute $25 of the $350 filing fee before making any further filings. On July 11, 2011 Plaintiff filed an amended complaint and submitted $25 to the clerk of courts.

    Plaintiff's amended complaint fails to state a claim and will therefore be dismissed – this time with prejudice. As noted in this Court's prior screening order, district courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *Griffin v. Milwaukee County,* 369 Fed. Appx. 741, 743 (7th Cir. 2010). In screening a complaint I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt

that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of the amended complaint.

Plaintiff's amended complaint again alleges that he received a prescription for pain medication from an Affinity Health clinic on June 7, 2010. Before he could fill the prescription he claims the script flew out of his car's open window. He returned to the Affinity to have his prescription re-issued and he alleges that the doctor refused to sign another prescription. He also alleges that Affinity has since refused to treat him. (Am. Compl. 5.) Plaintiff now alleges that "Affinity Health Greenville was negligent in providing a proper medical attention to a life threatening situation." (*Id.*)

Plaintiff's amended complaint fails to state a claim over which this court has subject matter jurisdiction. Plaintiff has no claim under 18 U.S.C. § 1983 because the Affinity Health Greenville is not a state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (omitting citations and quotations). Plaintiff makes no allegation that Affinity or its employees were acting in any way at the direction or behest of the government. Moreover alleged negligence is not actionable under § 1983. *Farmer v. Brennan,* 511

2

U.S. 825, 837-38 (1994); *Daniels v. Williams,* 474 U.S. 327, 328 (1986). Plaintiff's amended complaint makes no allegation that his race played any role in Affinity's actions and therefore he fails to state a claim of racial discrimination. *See Jafree v. Barber,* 689 F.2d 640 (7th Cir.1982). Thus, even when considering Plaintiff's complaint in a light most favorable to Plaintiff, I conclude that Plaintiff has failed to state a claim against Defendants.

**IT IS THEREFORE ORDERED** that this action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted**.**

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this    12th    day of July, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge